R. F. McConnell, Appellant, v. Edward E. Newell.

Contract for exchange of property: RESCISSION: DEMAND. Plaintiff
and defendant entered into a contract for the exchange of
lands at an agreed value, which was performed, except the
payment of a small item of accrued but not past due interest,
when plaintiff brought suit to rescind and recover the price
of his land, time was not made the essence of the contract
and plaintiff having failed to make a specific demand for per-
formance before instituting suit is denied recovery.

Same: PLEADING: RECOVERY OF DAMAGES. In a suit based entirely
on the right to rescind a contract for the exchange of lands
and to recover the value of that conveyed by plaintiff, he is
not entitled to damages for breach of the contract upon failure
of his action to rescind.

Weaver, J., dissenting.

*Appeal from Hardin District Court.*— Hon. J. H. Rich-
ard, Judge.

Thursday, March 14, 1907.

Action to recover $2,600 as the agreed value of land
conveyed by plaintiff under a contract with defendant, who
had failed and neglected to convey to plaintiff land which
should have been conveyed in exchange therefor. There was
a trial without a jury, and judgment for the defendant,
from which plaintiff appeals.— *Affirmed.*

*Albrook & Lundy,* for appellant.

*Ward & Williams,* for appellee.

McClain, J.— Plaintiff and defendant entered into a
written contract for the exchange of lands, which, as subse-
quently modified by an oral agreement, was substantially to
the effect that plaintiff should deed to defendant his farm in
Hardin county, subject to a mortgage for a specified amount,

which defendant should assume, in exchange for a tract of land in Canada, for which defendant had a contract with the Union Colonization Company of Manitoba, under which contract plaintiff would be entitled to a deed on paying the balance of the purchase money; the agreement on defendant's part being to assign this contract to plaintiff, reducing the amount due thereunder to $1,200. The claim for plaintiff is that, after complying with the contract on his part by deeding his farm to a person designated by the defendant, the defendant failed and refused to carry out the contract with reference to the transfer to plaintiff of his right in the Canada land, and that plaintiff on account of this failure of defendant thereupon declared the contract rescinded, and that he is now entitled to a money judgment for the value of his land as estimated in the trade. The contract involved mutual covenants or agreements to convey, and plaintiff, having paid the consideration for defendant's agreement to convey by himself conveying the property which he was giving in exchange, was in the situation of a vendee with reference to the agreed transfer of the Canada land by defendant to him. There is very material conflict in the evidence as to what was done with reference to the Canada land, but, as the action is at law, the findings of the trial court, so far as they have any support in the evidence, are as conclusive upon us as the findings of a jury, and, while the court has not made any very specific findings of fact, yet, if there is any evidence supporting the conclusion reached by the trial court, it is our duty to affirm the judgment.

There was evidence tending to show that the defendant assigned his contract with the Union Colonization Company to plaintiff with plaintiff's knowledge, and that the contract was left with a bank to be forwarded to the Colonization Company for its approval; such approval being required in order that the assignment should be valid. Plaintiff testified that he complained to defendant of delay in completing the transfer to him of the contract with the Colonization

Company, and that at one time he told the defendant that the contract was off; but at this time, as we understand the record, the assignment to him had already been made, and approved by the Colonization Company, and the contract was then in the hands of the bank, subject to plaintiff's direction as to its disposal. Plaintiff did not at that time offer to reassign the contract, nor to return it to defendant, and therefore he did not take the steps necessary to entitle him to treat the contract for transfer by defendant to him of the Canada land as forfeited. Just prior to the institution of this action, one of the attorneys for plaintiff, acting in his behalf, tendered to defendant a reassignment of the Canada land contract, which defendant refused to accept.

The question of law, as we understand the case, is whether defendant had so far failed or refused to transfer to plaintiff the contract for the Canada land as to justify 1. Contract for the plaintiff in refusing to accept such trans-
exchange of property: re- fer and sue for the agreed value of the land
scission: de-
mand. which he had conveyed to the person designated by the defendant, on the theory that defendant had failed to furnish plaintiff the consideration agreed for such transfer, and this question of law turns on the questions of fact whether there was such failure on defendant's part as to warrant a declaration of forfeiture, and whether plaintiff availed himself of the right to declare such forfeiture. The actual default, if any, on the part of defendant, was in failing to reduce the amount due to the Colonization Company under its contract to 1,200. It appears that, some time between the first complaint on the part of the plaintiff, that defendant was unreasonably delaying the carrying out of the contract on his part, and, the time when suit was actually brought, defendant sent his check to the Colonization Company for $178.80, which check was accepted in full satisfaction of all the money then due to it under the contract in excess of $1,200. But defendant had agreed that the indebtedness on the Canada land should not exceed $1,200 at

the date of the delivery of plaintiff's deed, and there was some interest accrued but not yet due at that date which was not satisfied by the check for $178.80. The amount of this interest accrued and not due has not been definitely computed; but it is admitted that it did not exceed $7. Defendant was not entitled, under his contract with the Colonization Company, to pay this small amount of interest accrued but not yet due until the next interest-paying date, which had not arrived. He might perhaps have computed that amount and tendered it to the plaintiff, but he did not attempt to do so. The question for our determination then is whether this failure on his part justified a declaration of forfeiture of the agreement of defendant to transfer to him the Canada land contract in satisfaction of the consideration for the conveyance of his farm.

There was no specific agreement as to when the transfer of the Canada land contract to plaintiff was to be completed, and time was not made of the essence of the contract. Therefore we think that plaintiff was not entitled to declare the contract forfeited for failure of defendant to reduce the indebtedness under the Canada land contract to $1,200 until plaintiff had made specific demand on defendant for performance on his part, either in connection with or subsequent to a tender of reassignment. It does not appear from the evidence that any such specific demand was ever made before this suit was instituted. If it had been made, there is every reason to believe that the demand would have been complied with. The amount to be paid, as indicated, in order to complete performance on defendant's part, was less than $7, at the time when a reassignment to defendant was tendered. There was no demand at that time for a payment of this or any other sum as necessary to complete performance on the part of defendant, but the reassignment was tendered on the theory that defendant's right to perform had already been forfeited. Under the evidence thus recited, the trial court may well have found that plaintiff had not taken

the steps necessary to forfeit defendant's agreement to transfer the Canada land contract.   The court therefore correctly refused to render judgment for plaintiff for the agreed value of the land which he transferred at defendant's direction, and properly rendered judgment for the defendant.

It is contended, however, that the court erred in not rendering judgment in his favor for whatever amount defendant was required to pay to reduce the contract indebtedness on the Canada land to $1,200.   As already indicated, this amount did not exceed $7 when this suit was brought; but, if appellant by his pleadings and proofs made out a cause of action for this sum, he should have had judgment therefor.   A careful examination of the petition and the various amendments thereto, as set out in the abstract, satisfies us that no claim is anywhere made for damages for breach of defendant's contract to convey his interest in the Canada land.   The claim for plaintiff is throughout that he has rescinded his contract with defendant to accept the Canada land in payment for the land conveyed by him, and is therefore entitled to recover judgment for the value of the land so conveyed.   The cause of action claimed to have arisen to plaintiff on rescission and that arising on failure of defendant to reduce to $1,200 the indebtedness due on the Canada land, if accepted by plaintiff in payment, were inconsistent, but they might have been pleaded in separate counts in the alternative.   This was not done.   Only one cause of action was stated, or was attempted to be stated.   No issue was therefore presented to the trial court under which a judgment for damages for not reducing the contract indebtedness on the Canada land to $1,200 could have been rendered.   No such question was submitted to the trial court, and therefore no such question can be considered by us.   The affirmance of the judgment of the trial court will not preclude recovery in another action for any sum found due on this account.

**2. Same: pleading; recovery of damages.**

The judgment is *affirmed*.

WEAVER, C. J. (dissenting.)— While the plaintiff's petition is not very definite in its allegations and demands, I think it broad enough to enable the court to adjudicate and dispose of the entire controversy between the parties. For the purposes of this appeal it stands admitted that the plaintiff is entitled to recover damages in at least a small sum, and the failure or refusal of the trial court to provide for its recovery was, I think, erroneous. It is the policy of the law to prevent a multiplicity of suits, and so far as possible put an end to litigation. It seems unfortunate, therefore, that the court having the parties all before it, and having jurisdiction of the subject-matter of the dispute, should think it necessary to leave this petty remnant of the claim unsettled as an open door to further strife.